# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SEAN P. TATE

          **Petitioner,**

    **v.**                               **Case No. 05-C-0083**

JEFFREY ENDICOTT,

          **Respondent.**

---

## <u>ORDER</u>

On January 25, 2005 Sean P. Tate filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of felony murder and concealing identity. He was sentenced to sixty years imprisonment and is currently incarcerated at Redgranite Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner alleges that he was denied effective assistance of counsel when counsel failed to challenge an illegal search of his residence and evidence obtained as a result of the illegal search. Ineffective assistance of counsel is clearly a constitutional ground for

habeas relief under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and its progeny. Petitioner also argues that the trial court applied the wrong standard of review when it decided whether the search at issue was illegal. Habeas relief can be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. <u>Anderson v. Sternes</u>, 243 F.3d 1049, 1053 (7th Cir. 2001). Thus, the petition presents at least colorable constitutional issues.

Petitioner has filed a motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. <u>Wilson v. Duckworth</u>, 716 F.2d 415, 418 (7th Cir. 1983); <u>Jackson v. County of McLean</u>, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. <u>McKeever v. Israel</u>, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. <u>Jackson</u>, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

2

(1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

Petitioner has provided sufficient evidence of seeking counsel on his own. However, based upon my review of the Jackson factors as they apply to petitioner's claims, I do not find that the interests of justice or fundamental fairness require appointment of counsel at this time. The issues in this case are not so complex that petitioner will not be able to adequately present his position. His grounds for habeas relief are presented in a clear manner. Thus, I will deny the motion.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as

3

follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel is **DENIED.**

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent Jeffrey Endicott and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2005.


s/Lynn Adelman
LYNN ADELMAN
District Judge

4