UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**SEAN P. TATE**
       **Petitioner,**

v.                                                 Case No. 05C0083

**JEFFREY P. ENDICOTT**
       **Respondent.**

---

## ORDER

Sean P. Tate filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of felony murder and concealing identity. He was sentenced to sixty years imprisonment and is currently incarcerated at Redgranite Correctional Institution. Petitioner currently has several motions pending including: (1) a motion for discovery; (2) a motion for appointment of counsel; (3) a motion for funds; (4) a motion for an evidentiary hearing; and (5) a motion to stay the briefing schedule.

### I.  MOTION FOR DISCOVERY

Before turning to petitioner's motion for discovery, a brief review of the facts is in order.  In 1996, four men committed an armed robbery in which a victim was shot and killed.  Police suspected petitioner and his brother Daymon Tate, and went to Daymon's residence to arrest them.  They entered the residence without a warrant and did so unlawfully according to an unchallenged trial court finding.  Petitioner ran out of the back door and was arrested outside the house.  At the time there were outstanding warrants for his arrest, as well as a probation apprehension request.

Between twenty-four and thirty-six hours after his arrest, while in custody, petitioner gave the police inculpatory statements. He received a probable cause determination forty-two hours after his arrest. At his trial, the witnesses included two of his accomplices, his brother Daymon and Keith Baldwin, and Benjamin Blunt. All three of these witnesses were arrested at Daymon's house at the same time petitioner was. The State obtained the testimony of Baldwin and Daymon by allowing them to plead to lesser charges in exchange for their truthful testimony against petitioner. Both testified to the terms of their plea bargain at trial.

Petitioner seeks discovery with respect to seven claims. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, the use of discovery is governed by Rule 6(a) of the Rules Governing § 2254 Cases, which states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To determine whether petitioner is entitled to discovery, the court must identify the "essential elements" of petitioner's constitutional claim and find "good cause" for the discovery. Bracy, 520 U.S. at 904. With respect to the second step, good cause for discovery exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Id. at 908-909. When the possibility of such factual demonstration exists "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Id. The language of Rule 6(a) makes it clear that the scope and extent of such discovery is a matter left to the discretion of the trial court. Id. at 909.

2

First, petitioner seeks discovery relating to his claim that his counsel was ineffective for failing to challenge petitioner's unlawful detention. Petitioner claims that he was unlawfully arrested and detained for forty-two hours without being processed or booked and that the police continued to look for evidence during this time. Petitioner seeks to depose his trial and appellate counsel, respondent and the chief of police. He also seeks documents relating to the Milwaukee Police Department's arrest and booking procedures applicable, as well as documents relating to prisoners booked in the Register of Persons, documents from the Prisoner Processing Section, documents from the Automated Data Processing Division, daily arrest lists, warrant refused forms, and police memo books from all officers, including swat-team members involved in the arrest, detention and questioning of petitioner and his co-defendants. Petitioner claims that the discovery "will show that the people were looking for petitioner but was told by police that the petitioner was not in the city jail, when in fact the petitioner was. The discovery requested will assist the petitioner in the prosecution of the motion and will also show that no administrative steps incident to arrest were taken. Discovery will also show that it does not take 42 hours for police to process or book a person into the city jail." (Pet'r's Mot. at 4.)

In order to prevail on a claim of ineffective assistance of counsel, petitioner must establish (1) that the trial attorney's representation fell below an objective standard of reasonableness, and (2) a reasonable probability that but for the attorney's errors, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 688-89 (1984). In other words, it is not enough merely to prove that petitioner's counsel made mistakes. Petitioner must show that, without such errors, the outcome of the trial might have been different.

Petitioner's motion provides me with no basis to conclude that his discovery request will help him prove he is entitled to relief on this ineffective assistance claim. If the facts are fully developed on this claim, petitioner will allegedly show that he was not processed or booked for forty-two hours. He also alleges that during this period the officers looked for more evidence, but he does not allege that his arrest was unsupported by probable cause or that the delay was for the purpose of gathering evidence.

Counsel had no valid reason to challenge petitioner's detention. This is so because, as the Supreme Court explained in <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991), a judicial determination of probable cause within forty-eight hours is generally sufficient. The State followed that requirement here. Thus, in his motion, petitioner has failed to set forth specific facts establishing that his attorney's actions fell below the objective standard of reasonableness. Petitioner's motion for discovery on this issue is denied.

Second, petitioner requests discovery relating to his claim that his counsel was ineffective when he failed to appropriately elicit evidence regarding the terms of plea agreements of two witnesses, his accomplices, Daymon Tate and Baldwin. He seeks to depose his trial attorney, his appellate attorney, Daymon Tate, Baldwin, and seeks to review the written plea agreement of Baldwin. Discovery will purportedly establish that Daymon Tate and Baldwin had plea agreements which were not made known to the jury.

However, in this motion, petitioner has failed to show that even if the terms of the plea agreements should have been introduced at trial, that he was prejudiced by them such that the outcome of trial might have been different. Moreover, petitioner provides no support for his claim that any additional terms of the plea agreements existed. He merely

4

states that he has "discovered and/or obtained knowledge to the existence of documents showing that additional plea deals were offered to the State chief witnesses, Daymon Tate and Keith Baldwin." (Pet'r's Mot. at 7.) Accordingly, his claim that these documents exist amounts to little more than a conclusory assertion, which cannot provide the basis for a discovery request. See Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994) ("[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery.") Thus, petitioner's motion for discovery on this issue is denied.

Third, petitioner requests discovery on his claim that counsel was ineffective when he failed to move to suppress inculpatory statements of the others arrested at Daymon's house. Plaintiff seeks to depose his trial attorney, his appellate attorney, two state witnesses, respondent and the chief of police. He claims that discovery will be helpful to show "that the illegally seized evidence was used to obtain a statement from Blunt based on his police report statement which shows that the evidence was used in his interrogation and used to question him at trial and whether or not Blunt was released from the city jail and held there incommunicado when his statement was obtained." (Pet'r's Mot. at 9.)

Even if petitioner were able to establish all of the above facts, petitioner's motion does not convince me that discovery is warranted. In his motion, petitioner has failed to show that, even if counsel had successfully challenged these statements, they could have been suppressed. This is so because testimony of trial witnesses is not always excluded on the basis of a Fourth Amendment violation. See United States v. Ceccolini, 435 U.S. 268, 278 (1978) (stating that "since the cost of excluding live-witness testimony often will be greater [than excluding inanimate evidence tainted by a Fourth Amendment violation],

5

a closer, more direct link between the illegality and that kind of testimony is required"). In his motion, petitioner does not attempt to establish that this testimony would have been excluded and thus that the outcome of trial might have been different. Accordingly, petitioner's motion for discovery on this issue is denied.

Fourth, petitioner requests discovery relating to his claim that he was denied effective assistance of appellate counsel because counsel failed to raise the argument that the State had failed to prove the elements of felony murder, party to armed robbery, including that he used or threatened to use a dangerous weapon. Wis. Stat. §§943.32(2), 939.641(2), 939.05, 940.03 (1995-96). Petitioner seeks to depose his trial attorney, his appellate attorney, respondent, two gun experts and a detective. He appears to claim that discovery will establish that he did not actually have a weapon during the robbery. He seeks to show that although witnesses stated he had a .22 caliber rifle, the shell casing admitted at his trial was a .25 caliber. However, petitioner provides no evidence that the witnesses stated that he had a .22 caliber rifle, even though he submits trial transcripts in support of his other claims. As I noted above, "bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery." Deputy, 19 F.3d at 1493. Thus, because this request for discovery amounts to little more than a conclusory allegation, I will deny it.

Fifth, petitioner requests discovery relating to his claims that his appellate counsel should have argued that his confession was cumulative. Prior to trial, petitioner apparently alleged that the police had forged his statement and the trial court held a suppression hearing but did not suppress the statement. Petitioner argues that, even if he made the statement, it should not have been admitted because it was "cumulative" of testimony of

6

other witnesses. "Evidence is 'cumulative' when it adds very little to the probative force of the other evidence in the case so that if it were admitted its contribution to the determination of truth would be outweighed by its contribution to the length of trial . . ." U.S. v. Williams, 81 F.3d 1434, 1443 (7th Cir. 1996). A confession is not cumulative evidence because it has significant probative value and its contribution to the determination of truth significantly outweighs its contribution to the length of trial. Thus, I cannot conclude that petitioner's appellate counsel acted unreasonably in failing to raise this issue on appeal.[1] Accordingly, I will deny petitioner's motion for discovery with respect to this claim.

Sixth, petitioner requests discovery relating to his claim that the Wisconsin Court of Appeals applied the wrong standard of review and unreasonably determined the facts in light of the evidence presented when it held that petitioner had no standing to challenge the inculpatory statements made by Daymon Tate and Baldwin. Petitioner seeks to depose his trial attorney, his appellate attorney, Daymon Tate and respondent. He also seeks to have respondent produce copies of "Petitioner's Motion to Reconsider August 26, 2004 Decision Denying Postconviction Relief and Reconsideration Motion pursuant to 809.24" dated September 10, 2004, and "Decision and Order of the Wisconsin Court of Appeals Denying Motion to Reconsider August 26, 2004" dated September 17, 2004.

---

[1] To the extent that petitioner claims he should be entitled to receive any results of handwriting analysis completed by the State, I am unconvinced that he could not have obtained these records during his lengthy state court proceedings. Thus, discovery will be denied on this issue as well. See Nunex v. Greiner, No. 02 Civ. 0732, 2004 U.S. Dist. LEXIS 2318, at *6 (S.D.N.Y. Feb. 6, 2004) (holding that "[i]n the absence of a showing that the prior state proceedings did not provide petitioner an adequate opportunity to develop the facts, there is no basis to permit further discovery").

7

No discovery is required with respect to these claims. To resolve these claims, this court must review the record and the facts already presented to the Court of Appeals. Additional facts cannot be used to prove these claims. Moreover, it appears that petitioner already has copies of the documents he seeks in discovery. (See Pet'r's Mot. Ex. L, Ex. M.) For these reasons, his request for discovery relating to these claims is denied.

Finally, petitioner requests discovery relating to his claim that his due process rights were violated because coerced witness statements were used at his trial. He would like to depose Douglas Simpson, an Assistant District Attorney, and two witnesses, Baldwin and Daymon Tate. Petitioner contends that discovery will show that their confessions were coerced. However, even if their confessions were coerced, petitioner points to no facts indicating that their testimony at petitioner's trial was coerced and thus petitioner has not shown how his due process rights to a fair trial were affected by the allegedly coerced confessions. Moreover, petitioner does not have standing to allege a violation of these witnesses' constitutional rights. See Rakas v. Illinois, 439 U.S. 128, 137 (1978) (concluding that a defendant may not assert vicarious Fourth Amendment claims). Thus, at this stage, petitioner has failed to show that he is entitled to relief on this claim, and I must deny discovery relating to this claim.

As petitioner has failed to satisfy the good cause requirement for each of his claims for discovery, I will deny his motion for discovery.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has filed a second motion for appointment of counsel. In denying his first motion, I explained that the interests of justice and fundamental fairness did not require

8

Case 2:05-cv-00083-LA    Filed 03/28/06    Page 8 of 10    Document 24

appointment of counsel. Petitioner provides no basis for me to alter my conclusion. Accordingly, I will deny his motion to appoint counsel.

## III. MOTION FOR FUNDS

Petitioner has also moved for funds to obtain investigative and expert services. Because I have denied his motion for discovery, I will also deny as moot his motion for funds.

## IV. MOTION FOR EVIDENTIARY HEARING

I will deny petitioner's motion for an evidentiary hearing without prejudice. At this time, I take no position on whether an evidentiary hearing will be permitted pursuant to 28 U.S.C. § 2254(e)(2). I will decide whether an evidentiary hearing is necessary after briefing is completed and the court has reviewed the merits of petitioner's claims in detail. If, after reviewing the petition, answer and briefs, I believe a hearing is required I will order one.

## V. MOTION TO STAY

Petitioner's motion to stay the briefing schedule is denied as moot. Because I have concluded that discovery is inappropriate, briefing will commence according to the following schedule. Petitioner shall have forty-five days following the date of this order within which to file his brief in support of his petition. Respondent shall have forty-five days following the filing of petitioner's initial brief within which to file a brief in opposition. Petitioner shall have thirty days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

9

not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

## VI. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that petitioner's motion for discovery is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for funds is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner's motion for a stay is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that petitioner shall file his brief in support of his petition within forty-five days of the date of this order; respondent shall file a brief in opposition within forty-five days following the filing of petitioner's initial brief; and petitioner may file a reply brief within thirty days following the filing of respondent's opposition brief.

Dated at Milwaukee, Wisconsin this 28 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge

10

Case 2:05-cv-00083-LA   Filed 03/28/06   Page 10 of 10   Document 24