# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAN P. TATE,
        Petitioner,

v.                                     Case No. 05C0083

JEFFREY P. ENDICOTT,
        Respondent.

## ORDER

Petitioner Sean P. Tate filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner currently has three motions pending: (1) a motion to expand the record; (2) a motion for an extension of time to file a brief in support of his habeas petition; and (3) a motion to exceed the page limitation for his brief in support of his habeas petition.

### I.

Rule 7 of the Rules Governing Section 2254 Proceedings allows a judge to "direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a) of the Rules Governing § 2254 Cases. It appears that some of the documents petitioner seeks to add were generated in his trial and post-conviction proceedings, while others pertain to Daymon Tate's case or are otherwise outside the record of his state court proceeding. Petitioner argues that additional transcripts from his case are necessary to demonstrate his entitlement to relief, but he fails to explain why. Nor does he demonstrate that additional materials outside his state court record are necessary. When a petitioner seeks to add new information in a habeas proceeding, he must satisfy the conditions of 28

U.S.C. § 2254(e)(2). Owens v. Frank, 394 F.3d 490, 498-99 (7th Cir. 2005). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In his motion, petitioner makes no attempt to establish that he was diligent in developing the factual basis of his claims in the state court proceeding. Nor does he show that he satisfies the requirements of § 2254(e)(2). For these reasons, I will deny petitioner's motion to expand the record without prejudice. However, I will reconsider petitioner's request to expand the record after briefing is completed and the court has reviewed the merits of petitioner's claims in detail. If, after reviewing the briefs, I believe the record needs to be expanded, I will order it.

## II.

Petitioner also filed a motion for an extension of time requesting that I allow him to file his brief in support of his petition within thirty days after the date of the order deciding the motion to expand the record. Subsequently, presumably to meet the deadline

established by a previous scheduling order, petitioner filed his brief in support of his petition along with a motion to exceed the page limitation set forth in a previous order. I will grant petitioner's motion for an extension of time. If he wishes, he may file a new brief in support of his petition within thirty days of the date of this order. I will at this time deny as moot petitioner's motion to exceed the page limitation.

### III.

For the reasons stated above,

**IT IS ORDERED** that petitioner's motion to expand the record is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that petitioner's motion for an extension of time is **GRANTED**. Petitioner shall file his brief in support of his petition within thirty days of the date of this order; respondent shall file a brief in opposition within forty-five days following the filing of petitioner's initial brief; and petitioner may file a reply brief within thirty days following the filing of respondent's opposition brief.

**IT IS FURTHER ORDERED** that petitioner's motion to exceed the page limitation is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 5 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge