# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SEAN P. TATE,**

**Petitioner,**

**v.**                                                          **Case No. 05C0083**

**BYRAN BARTOW,**[1]

**Respondent.**

---

## DECISION AND ORDER

Sean P. Tate, a Wisconsin state prisoner, petitions for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. He is challenging his 1996 conviction of felony murder as
a party to an armed robbery while concealing identity.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Four masked men robbed a business and one of them shot an employee. Police
suspected petitioner and his brother, Daymon Tate, and went to Daymon's home. They
entered the home without a warrant and arrested petitioner when he ran out the back door.
At the time, petitioner was subject to several outstanding municipal arrest warrants and a
probation "apprehension request." Between twenty-four and thirty-six hours after his arrest,
petitioner confessed to participating in the robbery. Forty-two hours after his arrest, the
authorities brought him before a judge.

The state charged petitioner, Daymon and two others (Keith Baldwin and Willie
Hannah) with felony murder. Daymon and Baldwin pleaded guilty to reduced charges and

---

[1]On April 10, 2007, petitioner notified the court that he has been transferred to the
Wisconsin Resource Center, where he is in the custody of Director Byran Bartow.

testified against petitioner and Hannah. At trial, the prosecutor also presented petitioner's confession, physical evidence (a coat and mask found at Daymon's house), and the testimony of Benjamin Blunt, who was also in Daymon's house when petitioner was arrested. Daymon, Baldwin and Blunt testified that the four co-defendants committed the robbery and that Hannah shot the employee. Petitioner denied participation, presented an alibi and testified that the police fabricated his confession. Hannah also presented an alibi and testified that his co-defendants had reason to frame him. The jury convicted petitioner and acquitted Hannah. The court sentenced petitioner to sixty years in prison.

The post-conviction history of the case is complex. In August 1997, petitioner filed a post-conviction motion arguing that the police illegally searched Daymon's house, rendering petitioner's arrest illegal and the fruits of the search inadmissible. In February 1998, the circuit court denied the motion. In June 1998, petitioner appealed his conviction, abandoning the unlawful search claims and arguing that the jury's verdict was inconsistent and that the evidence was insufficient to support his conviction. In May 1999, the state court of appeals affirmed petitioner's conviction and the state supreme court later denied review. In August 2000, petitioner collaterally attacked his conviction pursuant to Wis. Stat. § 974.06, asserting that his trial counsel was ineffective for failing to challenge the search of Daymon's home and the admissibility of evidence resulting therefrom. Petitioner also alleged his trial counsel was ineffective for failing to challenge alleged police and prosecutorial misconduct. In April 2001, petitioner filed a motion in the state court of appeals, alleging ineffective assistance of appellate counsel for failing to challenge his trial counsel's effectiveness. The post-conviction court and the appellate court both denied petitioner's motions.

In the meantime, Daymon attempted to withdraw his guilty plea on the basis of the search of his home. In July 2001, the state court of appeals ordered the trial court to hold a hearing on his motion. Petitioner then asked the post-conviction court to reconsider its denial of his post-conviction motion. The trial court held a joint hearing on Daymon's and petitioner's motions and in January 2003 denied them. The court concluded that although the police unlawfully entered Daymon's house, petitioner's trial counsel's failure to challenge the entry did not cause prejudice because the evidence resulting from the entry was of little significance. In March 2003, petitioner again sought reconsideration, arguing that the illegal entry tainted his confession and other evidence and that the court should address whether his counsel was ineffective for failing to challenge his confession as the fruit of an unlawful arrest and of unlawful detention. In April 2003, the court rejected these claims. The court of appeals affirmed, and the state supreme court declined review.

## II. GROUNDS FOR RELIEF

In his habeas petition, petitioner seeks relief on twenty-one grounds, many of which are not properly independent grounds for relief. The majority of petitioner's grounds assert that his lawyers were ineffective in several distinct ways. First, petitioner claims that his trial counsel was ineffective for not moving to suppress virtually all of the evidence presented by the state, either because it was the product of the illegal police entry, of unlawful detention or of coercion. He also argues that Daymon and Baldwin perjured themselves at his trial and that his trial counsel was ineffective for not challenging their alleged perjury. He claims that his appellate counsel was ineffective for failing to effectively challenge various failures of trial counsel and for failing to adequately argue that the evidence against petitioner had been insufficient. In addition, petitioner asserts that the

3

prosecutor engaged in misconduct relating to Daymon's and Baldwin's alleged perjury.

### III.  DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), I may grant relief only if the decision of the state court of appeals was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," involved an "unreasonable application" of such clearly established law; or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that his lawyer performed deficiently and that such deficient representation prejudiced him.  Strickland v. Washington, 466 U.S. 668 (1984).  The performance prong requires a defendant to show that his representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.  Kimmelman v. Morrison, 477 U.S. 365, 384 (1986) (citing Strickland, 466 U.S. at 688-89).  Under the second prong, petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

### A.  Claims Relating to Counsel's Failure to Seek Suppression of Evidence

I first address petitioner's claim that his trial counsel was ineffective for failing to challenge the admissibility of his confession as the product of an illegal arrest.  The state court of appeals stated that even if the police arrested petitioner unlawfully, his confession

4

was admissible and thus his trial counsel was not ineffective for failing to challenge it. Under Knaupp v. Texas, 538 U.S. 626 (2003), an illegal arrest does not taint a statement if "the statement was an act of free will sufficient to purge the primary taint of the unlawful invasion." Id. at 632-33 (internal quotations omitted). The determination of whether a confession is tainted is fact specific and requires a court to consider such factors as "observance of Miranda, the temporal proximity of the arrest and the confession, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct." Id. at 633.

I conclude that the state court of appeals did not unreasonably apply Strickland.[2] The parties appear to agree that the police gave petitioner Miranda warnings before he confessed. Beyond that, the court of appeals considered it significant that petitioner confessed between twenty-four and thirty-six hours after his arrest. I disagree that this, alone, is significant, as the fact that a considerable amount of time elapsed between a suspect's arrest and confession only matters if there were significant intervening circumstances. Wayne R. LaFave, 6 Search and Seizure § 11.4(b) (4th ed. 2004); Dunaway v. New York, 442 U.S. 200, 220 (1979) (Stevens, J., concurring) (clarifying that "[i]f there are no relevant intervening circumstances, a prolonged detention may well be a more serious exploitation of an illegal arrest than a short one").

However, in the present case, there was a significant intervening circumstance, namely that the officers learned of the outstanding warrants and apprehension request and

---

[2]Thus, I need not address whether the existence of the outstanding unrelated warrants of which the officers were unaware justified the arrest. See Johnson v. Florida, 660 So. 2d 648, 658 n.11 (Fla. 1995).

5

thereafter lawfully arrested petitioner based on them.[3]  (Answer Ex. I. App. 104 at 4.)  A

lawful arrest made subsequent to an unlawful one can act as an intervening circumstance.

LaFave, supra, at § 11.4(b).  Further, petitioner knew when he confessed that the police

were holding him in part for violating the terms of probation.  (Answer Ex. I App. 104 at 4.)

Finally, any illegality in petitioner's initial arrest was not flagrant.  This is so because the

arresting officers believed that they had been granted consent to enter Daymon's home,

because they did not use force and because they arrested petitioner legally within several

hours of his arrest and long before he confessed.  (Answer Ex. I App. 104 at 4.)

      Turning to petitioner's claim that his trial counsel was ineffective for not challenging

his confession based on the length of his detention, the state court of appeals stated:

"Tate's post-arrest confinement did not violate the rule set forth in County of Riverside v.

McLaughlin, 500 U.S. 44, 56 (1991) that persons arrested on warrants must receive a

probable cause hearing within forty-eight hours.  Tate received this hearing forty-four hours

after his arrest."  (Answer Ex. L at 4.)  Petitioner contends that the court of appeals

misstated McLaughlin and ignored Gerstein v. Pugh, 420 U.S. 103, 124 (1975).[4]

      In Gerstein, the Supreme Court held that "warrantless arrests are permitted but

persons arrested without a warrant must promptly be brought before a neutral magistrate

for a judicial determination of probable cause."  McLaughlin, 500 U.S. at 53 (discussing

---

      [3]Although the warrants and apprehension request were not valid arrest warrants for
Fourth Amendment purposes inasmuch as they were not issued by a judicial officer, (see
Ans. Ex. I App. 103 at 16-18), they nevertheless provided the police with probable cause
to arrest.

      [4]Petitioner also cites Mallory v. United States, 354 U.S. 449 (1957), but Mallory
involved the Federal Rules of Criminal Procedure and does not apply to habeas petitions
by state prisoners.

Gerstein, 420 U.S. at 114). McLaughlin clarified that "a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein," but added that a hearing within forty-eight hours could nonetheless violate Gerstein if the probable cause determination was unreasonably delayed. 500 U.S. at 56. Although McLaughlin is more nuanced than the court of appeals indicated, the court's view that counsel was not ineffective for failing to challenge petitioner's confession on this ground was not an unreasonable application of Strickland. Petitioner had a probable cause hearing within forty-eight hours of his arrest, and there is no indication that it was unreasonably delayed. In addition, petitioner's counsel challenged the confession's voluntariness, which counsel could have reasonably believed was a more viable argument for suppression.[5] (Answer Ex. I App. 102 at 5.) Finally, even if the police violated Gerstein, it is unclear that petitioner would have been entitled to suppression of his confession. United States v. Sholola, 124 F.3d 803, 821 (7th Cir. 1997) (hinting that damages via a § 1983 action rather than suppression of evidence obtained during the detention is the remedy for a Gerstein/McLaughlin violation). Id. at 821 n.20.[6]

Turning to petitioner's claim that his trial counsel was ineffective for not arguing that Blunt's and Baldwin's statements were inadmissible as fruits of an illegal search, the court of appeals found that petitioner lacked standing to challenge the search because he was

---

[5]The trial court held a hearing on the issue, which was complicated by the fact that petitioner denied ever making the statement attributed to him.

[6]Petitioner brought a § 1983 action against officers involved in his arrest and detention and settled the case. See Tate v. Fritz, No. 99C277 (E.D. Wis. March 3, 2004).

7

not living or temporarily staying at Daymon's house at the time. Under 2254(e)(1), I must presume this determination to be correct. Petitioner argues that the determination was unreasonable based on affidavits submitted by himself, Daymon and Baldwin. However, only petitioner's affidavit states that he stayed overnight at Daymon's, and the court of appeals reasonably disregarded this self-serving statement. Further, even if petitioner could challenge the entry into Daymon's home, the witness's statements were sufficiently attenuated from entry such that they were admissible. Blunt gave his statement only after having been released from custody and Baldwin's out-of-court statement was not admitted at petitioner's trial. Thus, the court of appeals's determination that petitioner's trial counsel's failure to challenge Blunt's out-of-court statements or Baldwin's live testimony on the basis of the police entry did not constitute ineffective assistance was not an unreasonable application of Strickland.

Petitioner also argues that his trial counsel was ineffective for not challenging Baldwin's and Daymon's confessions and their subsequent in-court testimony as coerced. The court of appeals did not address this argument, and respondent contends that it was procedurally defaulted. A claim is procedurally defaulted when a petitioner does not adequately present it to the state courts. In determining whether a petitioner adequately presented a claim to the state courts, a habeas court examines:

> 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

8

<u>Ellsworth v. Levenhagen</u>, 248 F.3d 634, 639 (7th Cir. 2001). Petitioner argued in the court of appeals that the police coerced Baldwin's and Daymon's statements but so confusingly that it would not be unreasonable to conclude that he procedurally defaulted the claim. However, if he did not, the claim is meritless. A defendant may not generally challenge the voluntariness of another person's confession, and even if petitioner could do so, petitioner points to no case in which a court has barred a witness's in-court testimony as being tainted by an earlier coerced statement. Thus, petitioner's trial counsel was not ineffective for failing to challenge Baldwin's and Daymon's trial testimony as tainted.

As previously indicated, petitioner also argues that his post-conviction and appellate counsel were ineffective for failing to argue that his trial counsel was ineffective for not making the arguments discussed above. However, for the same reasons petitioner's trial counsel was not ineffective, neither were his post-conviction or appellate counsel.

**B.    Remaining Claims**

Petitioner also argues that Daymon and Baldwin testified falsely about their plea agreements. Petitioner's discussion relates only to Daymon's testimony, thus I will dismiss his claim as it relates to Baldwin's testimony without further discussion. With respect to Daymon's testimony, petitioner claims that either the prosecutor violated <u>Brady v. Maryland</u> by failing to disclose the details of the plea agreement or that his trial counsel was ineffective for failing to cross-examine Daymon about such details. However, while Daymon failed to reveal minor details of his plea agreement, petitioner does not show that such failure prejudiced him.[7] Thus, whether petitioner's claim is considered to be a <u>Brady</u>

_____

[7]To the extent that petitioner argues that the plea agreement itself was unlawful in that it was outcome dependent, I reject such argument. Petitioner has simply misread the

9

claim, a <u>Strickland</u> claim, or a claim that the prosecutor failed to correct perjury by a state's witness, the claim does not entitle petitioner to relief or to any additional review.

Finally, petitioner asserts that his appellate counsel failed to adequately argue that the evidence was insufficient to support his conviction. In petitioner's initial state court appeal, the court pointed out that petitioner argued "that the evidence was insufficient to convict him because the jury acquitted his codefendant," (Answer Ex. E at 7), and rejected the argument, stating:

> The evidence discloses that Tate and three others entered the garage, wearing masks and carrying guns. At gun-point, they demanded and took money from the men in the garage. A gunfight then occurred, and one of the robbery victims was killed. This evidence is sufficient to support [petitioner's] conviction.

(<u>Id.</u>) When petitioner later argued that his appellate counsel was ineffective for failing to challenge the insufficiency of the evidence, the court of appeals stated that it was "unable to discern a substantive difference between [petitioner's] current argument and those already rejected," (Answer Ex. Q at 5), and also noted that under Wis. Stat. § 989.05, an aider and abettor can be convicted when the main perpetrator is not. (Answer Ex. Q at 5.)

In rejecting the ineffective assistance of appellate counsel claim discussed above, the state court of appeals did not unreasonably apply <u>Strickland</u>. Petitioner failed to establish prejudice because the evidence presented at his trial was sufficient to sustain his conviction. He was charged with felony murder as a party to an armed robbery, and under Wisconsin law could be convicted if he participated in an armed robbery in which someone was killed. Victim testimony established that four masked men with guns committed a

---

evidence he presents – letters from the prosecutor to Daymon.

robbery, and one of them killed someone. And petitioner's confession and Baldwin's and Daymon's testimony established that petitioner was one of the masked men.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 11 day of April, 2007.


/s_____
LYNN ADELMAN
District Judge

11