# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**SEAN P. TATE,**
        **Petitioner,**

    **v.**                                **Case No. 05C0083**

**BYRAN BARTOW,**
        **Respondent.**

---

## DECISION AND ORDER

On January 25, 2005, Sean P. Tate, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2007, I denied his petition. On May 2, 2007, petitioner filed a motion to alter or amend judgment and a notice of appeal, and on May 14, 2007, petitioner filed a motion to proceed in forma pauperis on appeal.

## I. MOTION TO ALTER OR AMEND

Petitioner purports to seek relief under Fed. R. Civ. P. 59(e), which permits a district court to alter or amend a judgment within ten days of entry of judgment. However, petitioner filed such motion more than ten days after the entry of judgment, and a motion to amend filed more than ten days after the entry of judgment is generally treated as one under Fed. R. Civ. P. 60. While Rule 59(e) allows the court to alter or amend a judgment if the movant can demonstrate a manifest error of law or fact or if reconsideration is necessary to prevent manifest injustice, 11 Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 2810.1, at 125-27 (1995), Rule 60 only permits a court to alter a judgment

under extraordinary circumstances. <u>Cash v. Ill. Div. of Mental Health</u>, 209 F.3d 695, 698 (7th Cir. 2000).

Though judgment was entered in this case on April 11, 2007, the copy of the judgment sent to petitioner was returned to the clerk's office as undeliverable on April 23, 2007, after which the clerk re-mailed it to petitioner's new address. As such, it is not clear whether I should excuse petitioner's tardiness and treat his motion as one under Rule 59(e). However, I need not resolve this issue, as it is clear that petitioner's motion fails under either rule. Even under Rule 59(e), a litigant may not re-litigate old issues or present evidence or argument that could have been submitted previously, 11 Wright et al., <u>supra</u>, at 127-28, and this is essentially what petitioner seeks to do. Petitioner argues that I made manifest errors of law; however, I respectfully disagree. Petitioner complains that I cited to a treatise and to circuit court decisions when I should have cited only to Supreme Court decisions, and – in other places – that I should have cited to more circuit court decisions. In a habeas petition, a district court examines whether a state court decision was unreasonable in light of clearly-established Supreme Court law, § 2254, and this is what I did.

## II. CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may take an appeal to the Seventh Circuit, I must consider whether to grant him a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

2

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. See 28 U.S.C. § 2253(c)(3).

Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484.

None of the issues raised by petitioner deserves encouragement to proceed further nor is the denial of each issue debatable among jurists of reason. Petitioner claims that his trial and appellate counsel were ineffective for failing to move to suppress several pieces of evidence on various Fourth Amendment grounds. However, I found the state court's determination that none of petitioner's motions to suppress would have been granted to be reasonable. As such, petitioner's counsel did not perform deficiently in failing to raise the Fourth Amendment issues, and that any deficiency was not prejudicial. Further, petitioner brings claims relating to the prosecution witnesses's plea agreements. I agreed with the state court that petitioner was not prejudiced by the witnesses's failure to provide the jury with certain details of their plea agreements.

Finally, petitioner claims that his appellate counsel was ineffective for failing to challenge his conviction on sufficiency grounds. I agreed with the state court that petitioner

3

would not have won an appeal on sufficiency grounds, as the State clearly presented sufficient evidence at trial to support petitioner's conviction.

I do not believe jurists of reason would differ as to any of the issues petitioner presented in this case and I do not believe these issues should proceed further. Accordingly, for the same reasons as set forth in my April 11, 2007, Order, petitioner has not made a substantial showing of the denial of any constitutional right.

### III.  IN FORMA PAUPERIS

I denied petitioner's request to proceed in forma pauperis at the district court level because I found that he had sufficient funds with which to pay the $5 filing fee in this court. The appellate filing fee is $455, and the price increase makes his current request understandable.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and states that he is unable to pay such fees.  Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in good faith.  "Good faith" is an objective standard. Coppedge v. United States, 369 U.S. 438, 446 (1962); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).  An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, Coppedge, 369 U.S. at 446; Lee, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, Lee, 209 F.3d at 1026; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis.  Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).  District

4

courts must not apply an inappropriately high standard when making good faith determinations, and the denial of a certificate of appealability does not necessarily warrant denial of in forma pauperis status. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998).

I will grant petitioner permission to appeal in forma pauperis. First, it appears from his supporting affidavit that he lacks the necessary funds. Second, although I have found that petitioner's claims lack merit, I cannot conclude that they are frivolous.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that petitioner's motion to alter or amend judgment is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's implied request for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis on appeal is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 15 day of May, 2007.


/s_____
LYNN ADELMAN
District Judge